THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

ARTHUR L. MAYS

    Petitioner,                  Case No. 2:96-CV-047

V.

DENNIS M. STRAUB, WARDEN      Honorable: David W. Mc.Keague

    Respondent,

## Statement of Facts

    Petitioner and co-defendant were both charged with first degree murder, M.C.L. 750.316; M.S.A. 28.548.

    From January 13, 1977, to June 9, 1977, Petitioner was represented by appointed counsel. After retaining counsel on June 9, 1977, Petitioner pleaded guilty to one count of second degree murder, M.C.L. 750.317; M.S.A. 28.549 in Detroit Recorder's Court on June 27,1977 and on July 18, 1977, Petitioner was sentenced to life in prison, represented by substitute counsel.

    Petitioner appealed to Michigan Court of Appeals, file number 77-3763 and in an order dated July 27, 1978, the Michigan Court of Appeals affirmed the conviction.

i

Ground One: Retained Counsel Charles Campbell was ineffective when he failed to appear at sentencing.

Petitioner Arthur L. Mays, for over twenty years has expressed his innocence. Petitioner Mays, was represented by retained counsel Charles Campbell P-11537, from June 9, 1977 until June 27, 1977 the day of petitioner's guilty plea. Counsel knew at the plea acceptance June 27,,1977 that the petitioner wanted to withdraw his guilty plea, he was innocent and wanted to go to trial. Charles Campbell agreed to take care of the matter and stated he would see petitioner on the day of sentencing July 18, 1977. See: Exhibit, N. See: Plea Transcript, Page 8, lines 1-7, Exhibit A.

Some money, and some people had a after hours joint down the street....
The Court: What?

The defendant Arthur Mays: Some people had a after hours joint down the street from me, I thought It might be a quick way to get some money.

So I went out to stick them up.

Petitioner Arthur Mays, could not have been at 18615 Maine on December 31, 1976, in the City of Detroit, the location of the alleged offense, while petitioner Arthur Mays lived on Mackay, 18640 Mackay in the CIty of Detroit December 31, 1976. See: Exhibit B and C. COunsel Charles Campbell, fail to appear at the sentencing and therefore, prejudiced petitioner who had the right to effective

1.

assistance of counsel at the sentencing stage of the proceedings.

Counsel's performance fell below an objective standard of reasonableness.

Petitioner informed Counsel Charles Campbell, that he wanted to withdraw his plea and proceed to trial because he was, in fact, innocent of the crime charged, however, when petitioner arrived in court on July 18, 1977 expecting representation form his retained counsel, he was forced to stand in the court with substitute counsel.  See: Exhibit, N.

Retained counsel fail to appear and did not inform the court of petitioner's desire to withdraw his guilty plea because he was innocent and petitioner's reason for wanting to withdraw his guilty plea was not frivolous and his statement of innocent was not asserted for the first time and such request should have been honored by counsel Charles Campbell.  See: Exhibit, D, E and F.

A reasonable probability exists, that for counsel conduct the result of the proceeding would have been different.

During police interrogation petitioner expressed his lack of knowledge concerning the crime he now stand

convicted. See: Exhibit G.

Petitioner Arthur L. Mays, anticipated retained counsel Charles Campbell P-11537 being present at his sentencing because retained counsel knew petitioner Arthur L. Mays was innocent.

Petitioner is a prose prisoner, unlearned in law, without funds to pay for any attorney. Just as a prose complaint, "however inartfully pleaded," must be held to "less stringent standards that formal pleadings drafted by lawyers," so should prose arguments of law. Haines v Kerner, 404 U.S. 519, 520-21; 91 S. Ct. 594, 596; 30 LEd2nd 652 (1972).

Ground Two: Substitute Counsel was ineffective when he fail to object to seek waiver but appeared to represent petitioner at his sentencing.

Petitioner Arthur L. Mays, was subjected to ineffective assistance of counsel when substitute counsel Raymond McDonald appeared at petitioner's sentencing July 18, 1977 where retained counsel failed to appear and substitute counsel fail to object or seek an affirmative waiver from the petitioner and made no inquiry into the reason for

3.

retained counsel's non-appearance, it was reversible error for the court to proceed to sentencing with substitute counsel. See: Exhibit, H and N.

Petitioner Mays retained counsel Charles Campbell on June 9, 1977 and when petitioner entered the court room for sentencing July 18, 1977 he did not see his attorney but was forced to stand during this important stage with a substitute counsel.

Petitioner Mays, inquired as to the whereabouts of his retained counsel and was informed by substitute counsel, that retained counsel of record would not be there.

Petitioner Mays, then informed substitute counsel of his desire to withdraw his guilty plea and that he was innocent of the crime.

Petitioner, he also informed substitute counsel of informing Charles Campbell of the same. Substitute counsel Raymond McDonald informed petitioner that at the sentencing stage he could not withdraw his guilty plea because it was to late. Substitute counsel offered stale information because petitioner could have withdrew his guilty plea before the court passed sentence.

Where retained counsel Charles Campbell fail to appear at sentencing and the trial court allowed substitute counsel

4.

Raymond McDonald moments before sentencing without making any inquiry into the reason for retained counsel's non-appearance, it was reversible error for the court to proceed to sentencing with substitute counsel.

Petitioner Arthur L. Mays, suffered a miscarriage of justice because he is innocent.

Ground Three: Petitioner was denied his right to allocation. Petitioner Arthur L. Mays, was denied his right to allocation when before sentencing was imposed petitioner and his lawyer was not given a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence.

In petitioner's case, during sentencing substitute counsel stated:

Mr. McDonald: Yes, your honor, I would like to just point out one very important observation or fact of the pre-sentence report, and that is that the defendant here has no juvenile record and only has an adult record of one misdemeanor, possession of narcotic paraphernalia, and nothing else. No felony or anything of the sort.

I would like to give the...the court to give that the full weight it is entitled to at this time of sentencing.

The court: Well, there was a sentence agreement, and I prepared to follow that agreement. Do you have anything

5.

to say Mr. Mays?

The Defendant: No I don't your honor. See: Sentencing Transcript, page 4.

Before sentence was imposed petitioner had the right to allocation and the right to allocation should not have been waived any differently in a case like petitioner Mays, where a sentencing bargain had been made. In petitioner's case had the petitioner been given the right to allocation he would have withdrew his guilty plea he would have told the trial judge he was innocent of the crime charged, as he had told both attorney's. See: Exhibits, D and E.

The judges inquiry whether Mr. Mays had anything to say after the dialog with substitute counsel without directly asking petitioner did he have any thing to say before the court passed sentence, petitioner's answer was to the dialog both the substitute counsel and the judge were just engaged in. See: Exhibit, D.

Petitioner Mays, was not given his opportunity to tell the court he was innocent and have served over twenty (20) years because of counsel's ineffectiveness at the sentence proceedings.

Petitioner Arthur L. Mays, should be allowed to withdraw his plea or be re-sentenced in this case because petitioner never received his right to allocation.

6.

Ground Four: Lower Court abused its discretion when it applied MCR 6.500 standards.

The lower court's abused its discretion and violated petitioner's right to be heard on the merits, resulting in a miscarriage of justice because petitioner is factually innocent.

The lower court's decision dismissing petitioner's appeal pursuant to MCR 6.502 (G) (1), was clearly erroneous where the decision based upon the perception that that court did not have jurisdiction because MCR 6.502 (G) (1), prohibits the petitioner from appealing an order denying a second motion for relief from judgment filed after August 1, 1995 has already been denied.

Petitioner Mays, filed a motion for re-sentencing on November 12, 1996 pursuant to MCL 769.8; MSA 28.1081 and lower court answered on december 9, 1996 to MCR 6.429 (A). See: Exhibit, 1.

Petitioner Mays, subsequent motion to withdraw his guilty plea filed April 14, 1998 was answered under MCR 6.500 standards, instead of ruling on petitioner's motion to withdraw his guilty plea on the merits.

Petitioner Mays, filed just one (1) motion for relief from judgment, and by lower court on November 25, 1998 under clearly MCR 6.500 standards denying petitioner's motion under MCR 6,508 (D) (2), was clearly erroneous. Exhibit, J.

7.

Petitioner was convicted June 27, 1977 which prohibit reliance on new rules, is the functional equivalent of a statutory provision commanding exclusive reliance on clearly established law.

Factual predicate for this claim could not have been discovered prior to state court decision of November 25, 1998. See: Exhibit, J.

Michigan's lower court violated clearly established federal law whereas, errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ.

Ground Five: The lower Court erred when it retroactively applied MCR 6.508 (D) to petitioner.

MCR 6.500 et seq. was enacted on October 1, 1989. Petitioner Mays, was sentenced on July 18, 1977. Since the rule was not in effect at the time of petitioner's conviction and sentence, neither he nor his former appellate counsel Leonard Strickland could have known that in 1977 that failure to raise an issue could result in the issue being procedurally barred in the future.

At the time of petitioner's conviction, Michigan law allowed virtually unlimited motions for new trial and applications for leave to appeal after unsuccessful appeal

8.

as of right.

Petitioner Mays, cannot be expected to comply with a procedural bar created after the fact.

Provisions of MCR 6.508 (D) do not apply retroactively to petitioner Mays, and the trial court need not have applied its provisions.

Factual predicate for this claim could not have been discovered prior to the state decision of November 25, 1998. See: Exhibit, J.

Petitioner Mays, was convicted prior to the enactment of the rule MCR 6.500 et seq and prior to, was allowed unlimited requests for relief.

As a consequence, petitioner could, and did, repeatedly seek relief without limitation.

Petitioner Mays, conviction allowed virtually unlimited applications for leave to appeal to the court of appeals after completion of a defendant's unsuccessful appeal of right.

Michigan allowed "seriatim" challenges to a criminal conviction, when petitioner Mays was convicted, even where issues could have been raised on direct appeal.

MCR 6.500 et seq does not apply to petitioner Mays, and may not be retroactively applied to petitioner Mays' case to thwart collateral review of his claim since the rule was not effective until October 1, 1989. See: Exhibit, K.

Petitioner Arthur L. Mays, brought to the lower courts

9.

attention that the dictates of MCR 6.508 (D) does not apply in petitioner's case where petitioner's case was tried 12 years prior to the October 1, 1989 mandate of the rule 6.500. See: Exhibit, L.

Ground Six: The state court corrective process ineffective to protect the petitioner's rights.

Petitioner Arthur L. Mays, pursuant to the relief sought filed a motion in the trial court, the third judicial circuit previously , Detroit Recorder's court, to withdraw his guilty plea, on April 24, 1998.

Petitioner sought appropriate relief because he is presently detained pursuant to final judgment of a state court, where the state corrective processes have proved futile.

Petitioner was convicted before the enactment of MCR 6.508 (D) (2); MCR 6.502 (G), or MCR 6.502 (G) (1), as enacted for those convicted on, or subsequent to October 1, 1989.

There were no procedural bars to claims not raised in the appeal as of right when petitioner was sentenced on July 18, 1977 prior to the enactment of MCR 6.500 et seq.

In petitioner's case, Michigan State Courts have chosen

to ignore existing authority, federal authority, opposed to violation by state courts applying ex post facto laws. See: Exhibit, J K and M.

Petitioner Mays, has encountered a futile exhaustion of state remedies, where the state court corrective processes ineffective to protect the petitioner's rights.

Factual predicate for this could not have been discovered prior to the state court decision of November 25, 1998. See: Exhibit, J.

Petitioner is detained pursuant to a judgment of a state court, however, petitioner is entitled to have the federal habeas court make its own independent determination on the merits of that claim reach in the state proceedings.

Petitioner Mays, in his initial motion to withdraw his guilty plea, filed April 24, 1998 brought to the trial courts attention that MCR 6.508 (D) (3) (a), do not apply to this petitioner where his trial was held some (12) years before the effective date October 1, 1989. See: Exhibit, L.

Petitioner Arthur L. Mays, has brought to the attention of the state courts, the constitutional claims upon which relief could be granted but because of the existing futility in the state process, petitioner Mays now petition this court to issue writ.