# INDEX OF AUTHORITIES

**FEDERAL CASE LAW**   PAGE

| | |
|---|---|
| Coleman v Alabama, 399 U.S. 1; 90 S. Ct. 1999; 26 L. Ed 2d 387 (1970) | 3 |
| Gadden v United States, 223 F. 2d 627, 630 (1955) | 3 |
| Martin v United States, 182 F. 2d 225, 227 (1950) | 3 |
| Mempa v Ahay, 88 S. Ct. 254; 19 L. Ed 2d 336 (1967) | 3 |
| Strickland v Washinton, 466 US 668; 104 S.Ct. 2058; 80 L.Ed 2d 674 (1984) | 1 |
| Tollett v Henderson, 411 U.S. 258, 267; 93 S.Ct. 1602; 36 L.Ed 2d 235 (1975) | 1 |

**STATE LAW**

| | |
|---|---|
| People v Bencheck, 360 Mich 430, 432; 104 NW 2d 191 (1960) | 3 |
| People v Berry, 409 Mich 774, 781; 298 NW 2d 434 (1980) | 5 |
| People v Coles, 417 Mich 523, 532; 339 NW 2d 440 (1983) | 5 |
| People v Dye, 6 Mich App 217 (1967) | 4 |
| People v Eaton, 38 Mich App 113, 114; 195 NW 2d 797 (1972) | 3 |
| People v Evans, 158 Mich App 68 (1986) | 3 |
| People v Foy, 124 Mich App 107; 333 NW 2d 596 (1983) | 3 |
| People v Head, 67 Mich App 678, 680; 242 NW 2d 485 (1975) | 2 |
| People v Johnson, 125 Mich App 76; 336 NW 2d 455 (1991) | 1 |
| People v Lewis, 57 Mich App 578; 226 NW 2d 568 (1975) | 2 |
| People v Lowe, 172 Mich App 347 (1988) | 5 |
| People v Shekoski, 393 Mich 134; 224 NW 2d 656 (1974) | 2 |
| People v Stammer, 173 Mich App 432, 438-439; 446 NW 2d 312 (1989) | 1 |
| People v Strong, 59 Mich App 154 (1975) | 2 |
| People v Thaw, 201 Mich App 78, 506 NW 2d 547 (1991) | 1 |
| People v Tommolino, 187 Mich App 14; 466 NW 2d 315 (1991) | 1 |
| People v Winegar, 380 Mich 719, 730-731; 158 NW 2d 385 (1968) | 3 |
| IN Re Oakland County Prosecutor, 191 Mich App 113; 477 NW 2d 455 (1991) | 1 |

**OTHER**

| | |
|---|---|
| GCR Michigan General Court Rules | 4 |
| GCR 1963, 785. 7 (2) | 1,2 |
| GCR 785. 8 | 5 |
| GCR 785. 4. | 3 |

## STATEMENT OF TRIAL COURT JURISDICTION

This is a Post-Appeal motion seeking to Withdraw Guilty Plea and/or Motion for resentencing from Defendant's guilty plea conviction on June 27, 1977. Jurisdiction over this post-appeal motion seeking to withdraw guilty plea lies in the trial court pursuant MCR 6. 101 F (6) (b) (i) (ii) 1989.

## GROUNDS FOR RELIEF AND RELIEF SOUGHT
## STANDARD OF REVIEW

Defendant, Arthur L. Mays, was convicted on June 27, 1977, by a Plea of Guilty of second

degree murder. On July 18, 1977, plea judge, the Honorable Susan Borman, imposed a sentence of life imprisonment for the conviction.

Defendant has raised, by way of a post-appeal motion, i.e., MCR 6. 101 F (6) (b) (i) (ii) 1989, substantial issues which call into question the validity of his convcition based on grounds whether his right to the effective assistance of counsel at the plea and sentence stages were violated when the trial counsel failed to inform the court of Defendant's request to withdraw his plea because of his innocence; Failed to appear at sentencing; where substitute counsel failed to object to the court not seeking a waiver from defendant; failed to inform the court of defendant's innocence and desire to withdraw his plea; failed to object to the trial court not given Defendant his right to allocute; and where the plea was not understandingly made. Please see Issue I infra for full discussion of this constitutional violation.

Defendant also brings to the court attention that the dictates of MCR 6. 508 (D) does not apply in this case where Defendant's case were tried 12 years prior to the October 1, 1989 mandate of rule 6. 500. The United States Six Circuit has clarified the use of rule 6. 500.

**REVIEW:** The standard of review is **Strickland v Washington, DE NOVO**

## STATEMENT OF FACTS AND MATERIAL PROCEDURES
### A. CHARGE, CONVICTION, SENTENCE

Defendant, Arthur L. Mays, was convicted on June 27, 1977, by a Plea of Guilty in the Recorder's Court of second degree murder. On July 18, 1977, trial judge, the Honorable Susan Borman, imposed a life sentence.

The case involved the December 31, 1976, slaying of James Clemons. Defendant was represented at the plea taking procedures by Charles Campbell and sentencing by Raymond Mc Donald.

Defendant has never acknowledged that there was a plea agreement on the record (P.T. at 4), nor did he understand what was going on. Defendant never had the opportunity to allocution and trial counsel never appeared at sentencing. substitute counsel failed to object to the above and counsel never informed the court of Defendant's desire to withdraw his plea. See brief in support of this motion for further details.

STATE OF MICHIGAN

IN THE RECORDER'S COURT FOR THE CITY OF DETROIT

**PEOPLE OF THE STATE OF MICHIGAN,**

    Plaintiff-Appellee,

-vs-                                              File No. 77-00062-2

**ARTHUR LEON MAYS,**                              Hon. Bruce Morrow

    Defendant-Appellant

_____/

## DELAYED MOTION TO WITHDRAW GUILTY PLEA
## AND MOTION FOR RESENTENCING

**NOW COMES** the Defendant **Arthur Leon Mays**, in pro per, and request this Honorable Court to grant him his Delayed Motion to Withdraw his Guilty Plea and Motion for Resentencing and says the following:

### PROCEDURE HISTORY

1. Defendant, **Arthur Leon Mays**, was initially charged in a Complaint and Warrant with two counts of First-Degree Murder, contrary to **MCLA 750. 316, MSA. 28. 548.** Defendant Mays pursuant to an agreement pled guilty to Second Degree Murder on June 27, 1977. On July 18, 1977. the Honorable Susan D. Borman sentenced Defendant to life imprisonment. (See Exhibit B - Record of Sentence pages 3-4).

2. The Court of Appeals affirmed Defendant's conviction and sentence (COA No. 77-3763) on July 27, 1978).

3. The Michigan Supreme Court denied Defendant's Application for Leave to Appeal (No. 61924), April 20, 1979).

### FACTUAL BACKGROUND

4. During plea agreement proceedings June 27, 1977 to Second Degree murder attorney Charles Campbell stated the following in part:

    MR. CAMPBELL: ... The only promise that has been made is that the sentence will be life imprisonment. Second Degree - life imprisonment.

    THE COURT: Are the People consenting to this?

    THE PROSECUTOR: ... And we are in agreement that we will offer the reduced plea to second degree murder on today's date, which is the trial date.

    THE COURT: All right, is this correct, Mr. Mays, you wish to plead guilty to the offense of second degree murder?

    THE DEFENDANT ARTHUR MAYS: Yes.

2

THE COURT: Do you understand that this carries a sentence of life imprisonment?

**(No audible response)**i

THE COURT: Although it's parolable. (Plea Transcript page 3-4)

5. At sentencing Defendant-Appellant's attorney Charles Campbell did not appear but substitute counsel Raymond McDonald stood in:

MR. MCDONALD: Yes, Your Honor, I would like to just point out one very important observation or fact of the pre-sentence report. And that is that the defendant here has no record juvenile record and only has an adult record of one misdemeanor, possession of narcotic paraphernalia.

And nothing else. No felony or anything of the sort. I would like to give the...for the court to give that the full weight it is entitled to at this time of sentencing.

THE COURT: Well, there was a sentence agreement, and I prepared to follow that agreement. **Do you have anything to say Mr. Mays?**

THE DFENDANT: No I don't Your Honor.

THE COURT: All right, it's the judgement of this court that you be committed to the Department of Corrections (S. p. 3-4).

The record reflect the Court never ask the defendant did he have anything to say before the Court passed sentence. Defenant-Appellant thought the Court when asked "did" he have anything to say, were speaking about the dialog the attorney and court had just engaged concerning the agreement. Defendant-Appellant was prepared to tell the Court he was innocence as he told both attorney's Charles Campbell, Raymond McDonald and the pre-sentence investigator. See affidavit of Mr. Mays exhibit "C" and pre-sentence report page 1 - Section III exhibit "D" and page 2 - Section 1 exhibit "E".

6. Defendant-Appellant had ineffective assistance of counsel at the plea proceeding and at sentencing.

7. Defendant-Appellant's did not receive due process and equal protection of the laws where rules of law have been applied to others but not Defendant-Appellant.

8. Defendant -Appellant submits the following issues to this Honorable Court, which have merit, which denied appellant due process and equal protection of the law under the 14th Amendment of the United States Constitution and under Article 1, Section 17 of the Michigan Constitution, 1963, including the 6th Amendment of the United States Constitution and under Article 1, Section 20 of the Michigan Constitution, 1963, which are: (See Exhibit A - Plea Transcript; Exhibit B - Sentence Transcript and, Exhibit C - Affidavit of Mr. Arthur Leon Mays).

I. Where Defendant's Plea of Guilty and his conviction should be set aside, because the

Plea was not made voluntarily and understandingly and he was denied the effective assistance of counsel guaranteed by the Constitution at Sentencing when: (a) Counsel Charles Campbell failed to inform the court Defendant expressed his innocence. (b) Counsel Charles Campbell failed to inform the court Defendant wanted to withdraw his plea. (c) Counsel Charles Campbell failed to appear at sentencing. (d) substitute counsel failed to object to the court not seeking a waiver of counsel; (e) Failed to inform the court of Defendant's statement of being innocent. (f) Failed to inform the court of Defendant's desire to withdraw his plea. (g) Failed to object to Defendant not given the right to allocution. The right of a criminal defendant to the effective assistance of counsel for his defense at trial is guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution and under Article 1, Section §20, of the Michigan Constitution of 1963. **Strickland v Washington**, 466 U.S. 668, 104 S. Ct. 2052; 80 L. Ed. 2d 674 (1984); **People v Gorka**, 381 Mich 515 (1989); **People v Bellanca**, 386 Mich 708, 713 (1972); **People v Johnson**, 144 Mich App 125 (1985).

9. The MCR 6.508 (D) (3)(a), do not apply to this Defendant where his trial was held some twelve (12) years before the effective date October 1, 1989. See Borrie v Makowski, Nos. 95-2380 / 2381; United States Court of Appeals. See attached exhibit (F)

**WHEREFORE**, Defendant prays this Honorable Court set aside his guilty plea and or for resentencing where:

(1) The plea was not voluntarily made,

(2) Defendant-Appellant was not afforded the opportunity to allocute.

(3) Defendant had ineffective assistance of counsel at the plea hearing and sentencing.

Respectfully submitted,

*/s/ Arthur L. Mays*
Arthur Leon Mays
#150601 **IN PRO PER**
Macomb Reg. Fac.
Post Office Box 480999
New Haven, MI 48048

DATED: *April 24th* 1998

### VERIFICATION

I, **ARTHUR LEON MAYS**, under the penalty of perjury says I read the above and brief in support and know the contents, and says it is the truth to the best of my information, belief, and knowledge.

*/s/ Arthur L. Mays*

DATED: *April 24th* 1998

1. **DEFENDANT'S PLEA OF GUILTY AND HIS CONVICTION SHOULD BE SET ASIDE, BECAUSE THE PLEA WAS NOT MADE VOLUNTARILY AND UNDERSTANDINGLY, AND HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE CONSTITUTION AT SENTENCING.**

The standard for review of a claim of ineffective assistance of counsel in Michigan is the two-part test adopted in <u>Strickland v Washington</u>, 466 US 668; 104 S.Ct. 2058; 80 L.Ed 2d 674 (1984). In reviewing this claim the Court must look to two factors: (1) that the defense attorney's performance was so deficient it is inconsistent with the the constitutional guarantees of counsel assured under the 6th Amendment, overcoming the presumption that the challenged action might be considered sound trial strategy and (2) this deficiency prejudiced the defendant and was so serious that it deprived the defendant of a fair trial. <u>People v People v Stammerr</u>, 173 Mich App 432, 438-439; 446 NW2d 312 (1989); <u>People v Tommolino</u>, 187 Mich App 14; 466 NW2d 315 (1991); <u>In Re Oakland County Prosecutor</u>, 191 Mich App 113; 477 NW2d 455 (1991); <u>People v Thaw</u>, 201 Mich App 78, 506 NW2d 547 (1991).

**I. Entry of Guilty Plea**

In reviewing a claim of ineffective assistance of counsel following a guilty plea, the courts in Michigan look to the defendant and review whether the ineffectiveness of counsel produced a guilty plea that was not made voluntarily and understandingly. <u>People v Johnson</u>, (after remand), 125 Mich App 76; 336 NW2d 455 (1991). This shift in philosophy from defense counsel to defendant stems from <u>Tollett v Henderson</u>, 411 US 258, 267; 93 S.Ct 1602; 36 L. Ed 2d 235 (1975) which states:

> "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense which he is charged ... [H]e may only attack the voluntary and intelligent character of the guilty plea..."

It is further noted that when the ineffectiveness of counsel or the deficiency of counsel performance affects the voluntary and understanding nature of the defendant's plea, and evidence of such a deficiency is on record, the plea may be reconsidered by a reviewing court, <u>People v Stammer</u>, 173 Mich App 432; 446 NW2d 312 (1989).

Defendant Mays plea was made without any detailed explanation of the agreement made by defense and the prosecutor which was required by court rule and law. In this case the record is void of the required mandate of **GCR** 1963, 785. 7 (2) at the time of defendant's plea trial. That court rule reads:

> "The Court shall not accept a plea of guilty or nolo contendere without personally addressing the defendant and determining that the plea is freely, understandingly and voluntarily made. If the tendered plea is the result of an agreement between the prosecutor and the defendant or his lawyer regarding the entry of a plea, the agreement shall be stated on the record and affirmatively acknowledged by the defendant, his lawyer and the prosecutor."

Here the following occurred:

MR. CAMPBELL: ...the only promise that has been made is that the sentence will be life imprisonment. Second degree - life imprisonment.

THE COURT: Are the People consenting to this?

THE PROSECUTOR: Your Honor, as the court is aware, our policy of trial date is not to accept a reduced plea. But I have spoken to my supervisior, Mr. Boyle, and I have also spoken to Barry Resnick concerning this. And we are in agreement that we will offer the reduced plea of second degree murder on today's date, which is the trial date.

THE COURT: All right.

MR. CAMPBELL: Here is our guilty plea form your Honor (indicated), which we have both signed.

THE COURT: All right, is this correct Mr. Mays, you wish to plead guilty to the offense of second degree murder?

MR. MAYS: Yes.

THE COURT: Do you understand that this carries a sentence of life imprisonment?

(**No audible response**). Plea transcript pages 3-4.

In this case the Court asked Defendant did he wish to plead guilty. At no time did the Court discuss the bargain with Defendant and Defendant affirmatively acknowledged that agreement. Noncompliance constitutes reversible error. **GCR** 1963, 785. 7(5). Substantial compliance does not suffice. **People v Shekoski**, 393 Mich 134; 224 NW2d 656 (1974), **People v Lewis**, 57 Mich App 578; 226 NW2d 568 (1975).

Accordingly, if a defendant seeks to show noncompliance with **GCR** 1963, 785. 7(2), defendant must first establish that there was an agreement. If in fact there was an agreement, the court rule requires that it be acknowledged. The record on page (3) of the Plea Transcript reveal that an agreement was made as shown above. The court in **People v Strong**, 59 Mich App 154 (1975):

> A agreement is required by court rule to be acknowledged on the record when when a plea of guilty is accepted, and where a defendant alleges reversible error in that an agreement was made but not stated or acknowledged on the record, an evidentiary hearing must be held in which it must be determined; whether there was in a fact a plea agreement; if so, the nature of that agreement; and whether the details of that agreement were stated and acknowledged on the record (**GCR** 1963, 785. 7(2). **People v Head**, 67 Mich App 678,680; 242 NW 2d 485 (1976).

Therefore, the Plea was defective and defendant's motion for withdrawal of that plea should be granted.

(A). **Charles Campbell failed to inform the court Defendant expressed his innocence.**

During police interrogation Defendant expressed his lack of knowledge concerning the crimes he now stand convicted. See statement insert in pre-sentence report attached Section III page 1, exhibit "D" which states:

> "I have no knowledge of the crime other that what the police told me and what I read in the paper. I had no knowledge of the people other than that they were Mr. & Mrs. Clemons and that they lived on Main, which is the next street.    I

didn't know them personally.

In Section I page (2) second paragraph exhibit "E" of that same report the investigator said:

> Concerning the written offense, the Defendant alleges that he did not commit the murders of Mr. & Mrs. Clemons and did not know who did it. He does not appear to be bitter.

Defendant contends and argue he was and is innocence of the crimes he stand convicted and told his attorney Charles Campbell that he was innocence and wanted to withdraw his plea, see attached exhibit "C" Defendant Mays'.

### (B) Charles Campbell failed to inform the court Defendant wanted to withdraw his plea.

Defendant contends he told Charles Campbell he wanted to withdraw his guilty plea and proceed to trial because he was innocence of the crimes charged. Counsel knew or should have known if Defendant did not withdraw his plea before sentencing there is no absolute right to withdrawal of a guilty plea. **People v Bencheck**, 360 Mich 430, 432; 104 NW 2d 191 (1960). When first made after sentencing, a motion to withdraw a guilty plea addresses itself to the sound discretion of the trial court and the trial court's decision will not be distrubed unless there is a clear abuse of discretion resulting in a miscarriage of justice. **People v Winegar**, 380 Mich 719, 730-731; 158 NW 2d 395 (1968); **People v Eaton**, 38 Mich App 113, 114; 195 NW 2d 797 (1972), lv den 387 Mich 777 (1972).

Defendant's reason for wanting to withdraw his plea was not frivolus and his statement of innocence was not asserted for the first time and such request should have been honored by counsel Charles Campbell. See attached exhibit "C" affidavit of Defendant and exhibit "D" pre-sentence report page 1 - Section III and page 2 - Section I exhibit "E"

### (C) Charles Campbell failed to appear at sentencing.

A criminal defedant is entitled to effective assistance of counsel at every stage of the proceeding where his substantial rights may be affected. **People v Hammerquist**, 107 Mich App 777, (1981); **Coleman v Alabama**, 399 U.S. 1; 90 S.Ct 1999; 26 L. Ed 2d 387 (1970); **Mempa v Ahay**, 389 U.S. 128; 88 S. Ct 254; 19 L. Ed 2d 336 (1967); **GCR** 1963, 785. 4.

The right to effective assistance of counsel at the sentencing stage of the proceeding is quaranteed by the Constitution. 'There is then a real need for counsel'... Then is the opportunity afforded for presentation to the court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any erors or mistakes in reports of the defendant's past record; and, in short, to appeal to the equity of the court.' **Gadiden v United States**, (CA DC, 1955), 96 App DC 162, 165 (223 F2d 627, 630). Here, counsel failed to appear and thus did not inform the court of defendant's desire to withdraw his guilty plea because he was innocence of the crimes charged aganist him. Counsel was ineffective when he failed to appear at sentence. See **People v Evans**, 158 Mich app 68 (1986); **Martin v United States**, (CA 5, 1950), 182 F. 2d 225, 227; **People v Foy**, 124 Mich App, 107; 333 NW 2d 596 (1983).

### (D) Substitute Counsel Failed To Object To The Court Not Seeking A Waiver..

When Defendant intered the court room for sentencing he did not see his attorney Charles Campbell, but was forced to stand during this important stage with an substitute counsel. Defendant inquired as to his counsel's where-abouts and was informed counsel would not be there. Defendant then informed substitute counsel of his desire to withdraw his guilty plea and that he was innocence of the crimes. He also informed substitute counsel of informing Charles Campbell of the same. Substitute counsel Raymond McDonald informed Defendant that at the sentencing stage he could not withdraw his guilty plea because it was too late. See exhibit (C) affidavit of Defendant.

This case is similar to that of **People v Dye**, 6 Mich App 217 (1967). As in that case, so in Defendant's. The record is void of any consideration concerning the absence of counsel by the sentencing court nor was defendant consulted regarding such absence. Sentencing is a critical stage. Here, sentencing is to establish facts and make arguments in mitigation of the sentence, adding that the right to counsel is not confined to representation at trial.

Here, the Court failed to inquire as to the absence of original counsel and did Defendant wish to proceed with substitute counsel. Substitute counsel offered stale information because Defendant could have withdrew his plea before the court passed sentence. Defendant had ineffective assistance of counsel.

### (E) Failed To Inform The Court Of Defendant's Innocence.

It has been mentioned infra that Defendant's original counsel Charles Campbell failed to inform the court of his innocence; substitute counsel also failed to inform the court of his innocence.

### (F) Failed To Inform The Court Of Defendant's Desire To Withdraw His Plea Of Guilty.

Defendant informed substitute counsel of his desire to withdraw his guilty plea in this case and counsel informed him that he could not withdraw his plea. This was not true. Sentencing had not been performed and Defendant could have motioned the court for withdrawal and the court may have done so because Defendant was asserting his innocence.

### (G) Failed to Object to The Trial Court Not Given Defendant His Right To Allocution.

During sentencing substitute counsel Mr. McDonald: Yes, your Honor, I would like to just point out one very important observation or fact of the pre-sentence report, and that is that the defendant here has no juvenile record and only has an adult record of one misdemeanor, possession of narcotic paraphernia.

And nothing else. No felony or anything of the sort. I would like to give the... the court to give that the full weight it is entitled to at this time of sentencing.

the court: Well, there was a sentence agreement, and I prepared to follow that agreement. **Do you have anyting to say Mr. Mays?**

THE DEFENDANT: No I don't, your Honor. (S. p, 4).

As early as 1963 Michigan General Court Rules recognized a defendant had a right to allocution. In it's relevant part:

> Before sentence is imposed the court: "(a) Give the defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence;
>
> Provisions of subrule 785.8 are mandatory and failure to comply shall require resentencing. "(9) Conformity with the practice provided under 785.3 shall affirmatively appear on the record.

In this case trial counsel did not comply where the record reflect counsel given the opportunity to address the court but defendant Mays was not.

In **People v Lowe**, 172 Mich App 347 (1988), a case similar to defendant's, the court in pertinent part:

> You do have a sentence agreement, and the guidelines in this case are 72 to 120 months. That is (6) to ten (10) years. The sentence agreement falls within those guidelines. It is your request that I adopt that agreement?
>
> MR. CHURIKIAN: Yes, your Honor.
> THE COURT: Your client concurs in that?
> THE DEFENDANT Yes
> THE COURT: anything further?
> MR: SCALLEN: No, your Honor
> MR. CHURIKIAN: No, your Honor.

The rule requires strict compliance and should be understood in all cases to require the trial court specially of the defendant separately whether the defendant wishes to address the court before **the sentence is imposed**. Ordinarily the inquiry should come immediately before the sentence is pronounced and after the court has made such remarks as it deems appropriate. **People v Berry**, 409 Mich 774, 781; 298 NW 2d 434 (1980); **People v Lowe, supra, People v Coles**, 417 Mich 523, 532; 339 NW 2d 440 (1983); **GCR** 785. 8.

As in **People v Berry, supra**, the nature of the right of allocution should not be waived any differently in cases like defendant Mays where a sentencing bargain has been made. In this case, had the defendant been given the right to allocute he would have withdrew his plea; he would have told the trial judge he was **INNOCENT OF THE CRIMES CHARGED**, as he told both attorneys, see exhibit C, D and the pre-sentence investor's report exhibit "E".

The record at sentence clearly discloses defendant was denied his right to allocute. The judge's inquire whether Mr. Mays had anything to say after the dialog with substitute counsel without directly asking defendant did he have any thing to say before the court passed sentence, defendant's answer was to the dialog both the counsel and judge were just engaged in. See exhibit "C".

Defendant Mays was not given his opportunity to tell the court he was innocence and have served 20 years because of his counsel's ineffective at both the Plea and Sentencing proceedings. In **Coles, supra**, the Supreme Court stated: "(D)efendant are also guaranteed the right of allocution prior to being sentenced and must be resentenced if this right is violated."

Defendant should be allowed to withdraw his plea or be resentenced in this case due to ineffective

assistance of counsel.

## RELIEF SOUGHT

**WHEREFORE** Defendant-Appellant, Arthur L. Mays, respectfully moves this Honorable Court to grant the following relief:

1) Motion to Withdraw his Gulity Plea;
2) Set Aside Sentence;
3) Evidentiary Hearing

Respectfully submitted,

*Arthur L. Mays*
Arthur L. Mays #150601
Macomb Reg. Fac.
P.O. Box 480999
New Haven, MI 48048

DATED: *April 24th* 1998

STATE OF MICHIGAN

IN THE RECORDER'S COURT FOR THE CITY OF DETROIT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

-vs-                                                                  File No. 77-00062-2

ARTHUR LEON MAYS,                                  Hon. Bruce Morrow

    Defendant-Appellant

_____/

## MOTION FOR WAIVER OF FEES AND COSTS

**NOW COMES** Arthur L. Mays, proceeding in pro per, respectfully moves this Honorable Court to waive the filing fees and costs required by law and Court Rule in the above-entitled matter for the reasons of indigency as are more fully set forth in the affidavit of indigency.

DATED: *April 24,* 1998                          *Arthur L. Mays*

## AFFIDAVIT OF INDIGENCY

STATE OF MICHIGAN  )
                            )ss.
COUNTY OF MACOMB)

I declare that the following statements are true to the best of my information, knowledge and belief. **(1)** My name is Arthur Mays. **(2)** I am in prison at Macomb Regional Facility in New Haven, Michigan 48048. **(3)** My prison number is #150601. **(4)** My only income is from my prison assignment. **(5)** I have no assets, stocks, bonds, bank accounts, or property that could be converted into cash. **(6)** Because I cannot pay the filing fee for the attached delayed application, I ask this Court to waive same.

*Arthur L. Mays*                                       *Arthur L. Mays*
Signature                                                  Print

DATED: *April 24,* 1998